IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| QUINTIN EUGENE VAUGHT, ) | Civil Action No.: 4:10-cv-70262-RBH |
| ) | Criminal No.: 4:08-cr-00375-RBH |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Pending before the Court is (1) Quintin Eugene Vaught's ("Petitioner") *pro se* Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") pursuant to 28 U.S.C. § 2255, and (2) Respondent's Motion for Summary Judgment. In his Motion to Vacate, the Petitioner asks the Court to grant the following relief: "vacate, set aside sentence and conduct resentencing hearing, or reduce sentence as requested, or conduct evidentiary [hearing]." *Motion to Vacate,* p. 13. For the following reasons, the Court grants the Respondent's Motion for Summary Judgment and denies the Petitioner's Motion to Vacate.

**I.**

**Procedural History and Factual Background**

On April 22, 2008, a federal grand jury returned an indictment against the Petitioner. Counts One through Three and Count Five charged the Petitioner with knowingly and intentionally possessing with intent to distribute a quantity of cocaine on four different dates in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). Count Four charged the Petitioner with knowingly possessing a firearm, subsequent to having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) & (e). Count Six charged the Petitioner with knowingly using and carrying a firearm during and in furtherance of the drug

trafficking crime named in Count Five in violation of 18 U.S.C. § 924(c)(1)(A). The Petitioner entered a plea of not guilty at his Arraignment on April 30, 2008. On September 22, 2008, the Petitioner entered into a plea agreement in which he agreed to plead guilty to Counts Four through Six, and the government agreed to dismiss Counts One through Three. On September 26, 2008, a change of plea hearing was held. During the plea hearing, the paragraph of the plea agreement in which the Petitioner waived his right to any direct appeal or other post-conviction actions was removed because of his expressed reservations about the provision and the uncertainty of whether he was a career offender under the United States Sentencing Commission Guidelines ("Guidelines"). *See Tr.* (Sept. 26, 2008), pp. 46-47; *Petitioner's Reply in Opposition,* p. 5. At the end of the hearing, the Court found that the Petitioner's guilty plea was knowing and voluntary and accepted it, but deferred acceptance of the plea agreement pending review of his Presentence Report. *Tr.* (Sept. 26, 2008), pp. 49-51.

According to the Presentence Report filed by the United States Probation Office, the Petitioner had an advisory Guidelines range of 262 to 327 months pursuant to the Career Offender Table at U.S.S.G. § 4B1.1(c)(3). *See Presentence Report,* ¶ 57. Subsequently, on April 2, 2009, the Petitioner and the government filed an addendum to the plea agreement ("Addendum") [Docket # 47]. Accordingly, the parties agreed to a stipulated sentence of eleven (11) years imprisonment pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. *See* Addendum, ¶ 1. In exchange for the concessions made by the government, the Petitioner agreed to waive "the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255." *Id.* at ¶ 2. On the same day, the Court held a hearing in which it went over the Addendum with the Petitioner and then sentenced him. During this hearing, the following exchange took place:

2

> THE COURT: You have signed a plea agreement addendum. Is that correct?
> THE DEFENDANT: Yes, sir, I signed it.
>
> THE COURT: Under the plea agreement, first of all, this is an addendum to the other signed plea agreement that you've entered into. This one is dated April 2, 2009. Now, you have entered into this freely and voluntarily, is that right?
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And you've signed it. Is that right?
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand it?
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Have you discussed it with your lawyer?
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand the first paragraph is an 11(c)(1)(C) stipulated sentence of 11 years. You understand that?
> THE DEFENDANT: Yes, sir.
>
> ***
>
> THE COURT: The next paragraph indicates that you are waiving your right to appeal or file any sort of post conviction claims under Section 2255. Do you understand that?
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand normally you would have those rights, particularly the right to appeal. But you're giving up those rights. You understand that?
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And you've discussed that with your lawyer, is that right?
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And you've entered into that paragraph freely and voluntarily as well, is that correct?
> THE DEFENDANT: Yes, sir.

*Sentencing Tr.* (Apr. 2, 2009), pp. 3-4. Moreover, the Court confirmed with the Petitioner's trial counsel that he had discussed the Addendum with the Petitioner and that trial counsel was "absolutely" satisfied that the Petitioner understood the provisions therein; trial counsel

3

characterized the Addendum as "a very reasonable agreement." *Id.* at 4-6. The Court accepted the Rule 11(c)(1)(C) stipulated sentence of eleven (11) years, finding that it was a fair and reasonable sentence under the circumstances. *Id.* at 8-10. On April 6, 2009, the Court issued its Judgment sentencing the Petitioner to 132 months (11 years) imprisonment.

On September 13, 2010, the Petitioner filed the instant Motion to Vacate [Docket # 54], claiming that (1) his "sentence was imposed in violation of the Constitution or laws of the United States" because his sentence was improperly enhanced under U.S.S.G. § 4B1.1 and (2) he "is actually innocent of [U.S.S.G.] § 4B1.1" because "his treatment as a career offender was based upon a prior conviction for a failure to stop for blue light." *Motion to Vacate,* pp. 5-6. Additionally, the Petitioner requested an evidentiary hearing. *Id.* at 8. On November 5, 2010, the government filed a Motion for Summary Judgment [Docket # 69]. On December 6, 2010, the Petitioner filed a Reply in Opposition [Docket # 72] to the government's Motion for Summary Judgment and requested an evidentiary hearing. On December 9, 2010, the Petitioner filed a Supplemental Brief in Response [Docket # 74]. This matter is ripe for review.

## II.

## Applicable Law

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). In deciding a § 2255 motion, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached

4

exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief). An evidentiary hearing "is required when a movant presents a colorable [] claim showing disputed material facts and a credibility determination is necessary to resolve the issue." *United States v. Coon,* 205 Fed. Appx. 972, 973 (4th Cir. 2006) (citing *United States v. Witherspoon,* 231 F.3d 923, 925-27 (4th Cir. 2000)). However, a hearing is not required unless the claim shows "disputed facts involving inconsistencies beyond the record." *United States v. Robinson,* 238 Fed. Appx. 954, 955 (4th Cir. 2007). Conclusory allegations contained within affidavits do not require a hearing. *Strong v. Johnson,* 495 F.3d 134, 139-40 (4th Cir. 2007). "Thus, no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statement of fact.'" *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States,* 68 F.3d 238, 240 (8th Cir. 1995)).

### III.

### Legal Standard for Summary Judgment

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2) (2009). The movant has the burden of proving that summary judgment is appropriate. Once the movant makes the showing, however, the opposing party must respond to the motion with "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from

5

the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"[O]nce the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *See id.* Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Celotex Corp.,* 477 U.S. at 322.

## IV.

### Discussion

In his Motion to Vacate, the Petitioner states three grounds for relief: (1) "Movant's sentence was imposed in violation of the Constitution or laws of the Untied States"; (2) "Movant is actually innocent of USSG § 4B1.1"; and (3) "A[n] evidentiary hearing is required." The basis of the Petitioner's Motion to Vacate is simply that, in light of *United States v. Rivers,* 595 F.3d 558 (4th Cir. 2010) (hereinafter "*Rivers 2*"), his failure to stop for a blue light conviction should not have been considered a qualifying conviction for career offender purposes under the Guidelines. *See Motion to Vacate,* pp. 10 & 12 ("Before Rivers 2, the law in this Circuit was that the failure to stop for blue light qualified as a crime of violence for career offender purposes. However, this [is] no longer the law of the Circuit. . . . Thus, at the time of Movant['s] conviction and sentencing, his

6

conviction for failure to stop for blue light could <u>never</u> have been a violent felony for these purposes . . ."). Accordingly, he claims that his advisory Guidelines range was improperly calculated because violation of South Carolina's failure to stop for a blue light statute is not a crime of violence for career offender purposes pursuant to *Rivers 2* and, as a result, he was sentenced "in violation of the Constitution or laws of the Untied States." The fallacy in the Petitioner's argument is that he was not sentenced pursuant to the Guidelines, but rather agreed to a stipulated sentence of eleven (11) years pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Additionally, *Rivers 2* was not decided by the Fourth Circuit until February 25, 2010, which was more than ten (10) months **after** the Petitioner signed the Addendum agreeing to the 11 year stipulated sentence.

*A.*

First, the Petitioner's claim fails because the Petitioner was sentenced to eleven (11) years imprisonment pursuant to a Rule 11(c)(1)(C) stipulated sentence, not the Guidelines. In reviewing this very Court's sentences, the Fourth Circuit has consistently held that "[a] sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement is contractual and not based upon the guidelines." *United States v. Febrez,* No. 09-4539, 2010 WL 3096225 (4th Cir. 2010); *see United States v. Bethea,* 369 Fed. Appx. 485, 486 (4th Cir. 2010); *United States v. Dials,* 369 Fed. Appx. 347, 349 (4th Cir. 2010). In the instant matter, the parties jointly stipulated to a sentence outside the applicable advisory Guidelines range of 262 to 327 months. Thus, the Guidelines did not play a central role in the Court's sentencing of the Petitioner, and the parties did not contemplate that the stipulated sentence would be a sentence within the advisory Guidelines range. The entire plea and sentencing process in the instant matter was not predicated on the understanding that the Court would impose the stipulated term of imprisonment only if it concluded that it was within the

7

applicable advisory Guidelines range. *See United States v. Dews,* 551 F.3d 204, 209 (4th Cir. 2008). Consequently, the Petitioner's sentence was based on the Rule 11(c)(1)(C) sentence stipulated in the Addendum, not on the Guidelines. *See id.*; *see also United States v. Rivera-Martinez,* 607 F.3d 283, 287 (1st Cir. 2010) ("Absent an express statement in the plea agreement making the sentence dependent upon a guideline calculation, a sentence imposed pursuant to [a Rule 11(c)(1)(C)] plea agreement is based on the agreement itself, not on the guidelines."). Because the Petitioner's sentence was imposed pursuant to a Rule 11(c)(1)(C) plea agreement; there was no statement in the plea agreement making the Petitioner's sentence dependent on a Guidelines calculation; and the career offender advisory Guidelines range had no effect on the Petitioner's sentence, the Petitioner's assertion that he is entitled to a new sentence based on the Fourth Circuit's decision in *Rivers 2* is without merit.[1]

*B.*

Moreover, the Petitioner's § 2255 motion attacking his Rule 11(c)(1)(C) stipulated sentence is denied because the Petitioner explicitly waived his right to attack his sentence pursuant to § 2255 in the Addendum. *Addendum,* ¶ 2. The Fourth Circuit has consistently held that such waivers are enforceable if the record establishes (1) that the waiver is knowing and intelligent and (2) that the

---

[1] Even assuming, *arguendo,* that the Petitioner was sentenced based on an improperly calculated advisory Guidelines range, "[b]arring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding. Section 2255 provides relief for cases in which 'the sentence was in excess of the maximum authorized by law.' Thus, while § 2255 applies to violations of statutues establishing maximum sentences, it does not usually apply to errors in the application of the Sentencing Guidelines." *United States v. Pregent,* 190 F.3d 279, 283-84 (4th Cir. 1999) (citing *United States v. Mikalajunas,* 186 F.3d 490, 495-96 (4th Cir. 1999)). In the instant matter, the Petitioner was not sentenced in excess of the statutory maximum sentence authorized by law.

issue being appealed is within the scope of the waiver. *See United States v. Blick,* 408 F.3d 162, 168 (4th Cir. 2005); *see also United States v. Johnson,* 410 F.3d 137, 149 (4th Cir. 2005). The record in this case fully establishes that the Petitioner made a knowing and intelligent decision to enter into the waiver of his right to attack his sentence. On April 2, 2009, the Petitioner signed the Addendum agreeing to the stipulated sentence and to waive "the right to contest either the conviction or the sentence in any direct appeal, or other post-conviction action, including any proceedings under 28 U.S.C. § 2255." *Addendum,* ¶ 2. On the same day, the Court held a hearing in which it went over the Addendum with the Petitioner and then sentenced him. During this hearing, the following exchange took place:

> THE COURT: You have signed a plea agreement addendum. Is that correct?
> THE DEFENDANT: Yes, sir, I signed it.
>
> THE COURT: Under the plea agreement, first of all, this is an addendum to the other signed plea agreement that you've entered into. This one is dated April 2, 2009. Now, you have entered into this freely and voluntarily, is that right?
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And you've signed it. Is that right?
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand it?
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Have you discussed it with your lawyer?
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand the first paragraph is an 11(c)(1)(C) stipulated sentence of 11 years. You understand that?
> THE DEFENDANT: Yes, sir.
> \*\*\*
> THE COURT: The next paragraph indicates that you are waiving your right to appeal or file any sort of post conviction claims under Section 2255. Do you understand that?

9

>           THE DEFENDANT: Yes, sir.
>
>           THE COURT: Do you understand normally you would have those
>           rights, particularly the right to appeal. But you're giving up those
>           rights. You understand that?
>           THE DEFENDANT: Yes, sir.
>
>           THE COURT: And you've discussed that with your lawyer, is that right?
>           THE DEFENDANT: Yes, sir.
>
>           THE COURT: And you've entered into that paragraph freely and
>           voluntarily as well, is that correct?
>           THE DEFENDANT: Yes, sir.

*Sentencing Tr.* (Apr. 2, 2009), pp. 3-4. Moreover, the Court confirmed with the Petitioner's trial counsel that he had discussed the Addendum with the Petitioner and that trial counsel was "absolutely" satisfied that the Petitioner understood the provisions therein; trial counsel characterized the agreement as "a very reasonable agreement." *Id.* at 4-6. Thus, the Petitioner's waiver of the right to appeal his conviction and sentence was knowing, voluntary, and intelligent.

Additionally, the record shows that the issue being raised by the Petitioner in his § 2255 motion, whether he was improperly classified as a career offender under the Guidelines, is within the scope of the waiver. The Petitioner explicitly waived his right to contest his sentence in any post-conviction action, including any proceeding under § 2255. *Addendum,* ¶ 2. The Fourth Circuit has held that such a waiver bars the Petitioner from appealing his sentence unless it is "not within the maximum [sentence] provided in the statute of conviction." *See Blick,* 408 F.3d at 169. The Petitioner was convicted under 21 U.S.C. §§ 841(a)(1) & (b)(1)(C); 922(g)(1); and 18 U.S.C. § 924(c)(1). The Petitioner was facing a twenty (20) year statutory maximum sentence as to Count Five and a statutory minimum of 5 years to life consecutive to any other sentence as to Count Six. Thus, the Petitioner's eleven (11) year stipulated sentence is clearly within the statutory maximums

10

provided in the statutes of conviction. Consequently, his appeal of this sentence is within the scope of his appeal waiver. *See, e.g., United States v. Woodson,* 369 Fed. Appx. 517, 518-19 (4th Cir. 2010) (finding that defendant validly waived his right to appeal his classification as a career offender where the plea waiver stated that he waived his right to appeal "the conviction and any sentence within the statutory maximum").

*C.*

In his Reply in Opposition to the government's Motion for Summary Judgment, it appears that the Petitioner attempts to characterize his claim as one of ineffective assistance of counsel in an effort to bypass the stipulated sentence and the waiver of appeal in the Addendum. *See Addendum,* ¶ 2 ("This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct."). Specifically, the Petitioner states:

> his counsel was ineffective for failing to tell him that if he was not a career offender because of the "blue light" issue as argued in his petition, that the 11 years offered to him pursuant to the addendum was still 15 months longer than he could have otherwise possibly recieved because the felon in possession of firearm guideline would have then driven the sentence, making his base offense level start at 24 less 3 levels for acceptance of responsibility to 21, with a criminal history category of IV for a guideline range of 57 to 71 months, plus 60 consecutive months for the § 924(c) violation, producing an overall sentence of 117 months which is 15 months lower than the 132 months (11 years) that his counsel advised him to accept. Thus, counsel should have told Petitioner Vaught all of this before advising him to sign the addendum so that Vaught would have been informed of all of his options.

*Reply in Opposition,* p. 2.

To establish ineffective assistance of counsel, the Petitioner must show that his attorney's performance was both deficient and prejudicial to his defense. *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984). To satisfy the first prong of the *Strickland* test, the Petitioner must show that

11

his attorney's representation fell below "an objective standard of reasonableness." *Id.* at 687. There is a strong presumption that an attorney's conduct falls within the wide range of reasonable professional assistance, and the Court's scrutiny of the attorney's performance must be highly deferential. *Id.* at 688-89. The second prong of the *Strickland* test requires that "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

As noted above, the Petitioner's Motion to Vacate is based on the holding in *Rivers 2*. *See Motion to Vacate,* p. 3 ("In the instant case, the Movant herein relies on the decision rendered in this Circuit, in [*Rivers* 2] to support his claim that he no longer qualify for Career Offender treatment."); *id.* at 6 ("It is this decision, Rivers 2, which Movant relies on in support of his claims that the motion is timely and further that he is entitled to relief from his sentence.") However, the Fourth Circuit had not decided *Rivers 2* at the time that the Petitioner signed the Addendum and agreed to the eleven (11) year stipulated sentence. The prevailing law at the time was that failure to stop for a blue light qualified as a predicate offense under some circumstances. *United States v. Roseboro,* 551 F.3d 226, 240 (4th Cir. 2009) ("The intentional act of disobeying a law enforcement officer by refusing to stop for his blue light signal, without justification, is inherently an aggressive and violent act, . . . and, therefore, a violent felony under the ACCA."). The Petitioner even acknowledges that *Roseboro* was the prevailing law at the time he agreed to the Rule 11(c)(1)(C) stipulated sentence:

> his counsel should have pointed out to him that the Government's addendum was possibly being offered due to the fact that he could not have been found to be a career offender based upon the "blue light" prior because the Fourth Circuit on January 5, 2009 in United States v. Roseboro, 551 F.3d 226 (4th Cir. Jan. 5, 2009), which was 4 months prior to him signing the addendum, overturned their earlier assessment in United States v. James, 337 F.3d 387 (4th Cir. 2003).

12

*Reply in Opposition,* p. 4; *see Motion to Vacate,* pp. 14-15.

In the instant matter, the Petitioner cannot show that his trial counsel's representation fell below an objective standard of reasonableness. The Petitioner does not dispute that there was

> uncertainty of whether he would be a career offender, yet he wanted to plead guilty. Neither the Court nor counsel could tell him definitely whether he would qualify as a career offender and it was this problem alone that cause the Government to withdraw the appeal waiver provision in Paragraph 13 of the original plea agreement.

*Reply in Opposition,* p. 5. However, the Petitioner's assertion that "*Roseboro . . .* definitely resolved the issue of whether [he] would be a career offender or not"[2] is incorrect and directly conflicts with the Petitioner's prior arguments in his Motion to Vacate that "the Movant herein relies on the decision rendered in this Circuit, in [*Rivers 2*] to support his claim that he no longer qualify for Career Offender treatment" and "[a]t the time of Movant's conviction, the law in the circuit was well settled that the failure to stop for a blue light qualified as a crime of violence. After Rivers, this [] no longer applies." *Motion to Vacate,* pp. 3-4. The Fourth Circuit did not "hold that under no circumstance is a violation of South Carolina's blue light statute a violent felony under the ACCA" until February 25, 2010, which was more than 10 months after the Petitioner agreed to the eleven (11) year stipulated sentence. *See United States v. Rivers,* 595 F.3d 558 (4th Cir. 2010). In fact, at the time the Court accepted the Rule 11(c)(1)(C) stipulated agreement and sentenced the Petitioner, it was still unclear whether the Petitioner was a career offender under the Guidelines or not. When addressing the Court at sentencing, the Petitioner's trial counsel stated that the stipulated sentence was "certainly a very reasonable agreement. There was some question about classification as a career offender, and he has been cooperative." *Sentencing Tr.* (Apr. 2, 2009), p. 6. If the Court

---

[2] *Reply in Opposition,* p. 5.

13

determined that the Petitioner was a career offender, the Petitioner's advisory Guidelines range was **262 to 327 months**. *Presentence Report,* ¶ 57. If the Court determined that his prior South Carolina conviction for failure to stop for a blue light was not a violent felony under *Roseboro* and he was not a career offender, then the Petitioner would have had an advisory Guidelines range of **97 to 106 months**.[3] Given the uncertainty of the Petitioner's career offender status; the possible advisory Guidelines range of 262 to 327 months if he was determined to be a career offender; and the potential statutory maximum sentence of 20 years imprisonment he faced as to Count Five and the statutory minimum sentence of 5 years to life consecutive to any other sentence he faced as to Count Six, the Petitioner has failed to show that his trial counsel's advising him "that 11 years was a good deal" fell below an objective standard of reasonableness.[4] Even the Petitioner admits "that he thought an 11 year deal much better than 262 possible months," and the Court sentenced him,

---

[3] *See Presentence Report Addendum* [Docket # 49-1] (Petitioner's trial counsel raised the following objection to the Presentence Report: "The appropriate guideline offense level for the gun count is twenty (20) and fourteen (14) for the drugs. After grouping, the defendant should have a total offense level of twenty (20), minus three (3) for acceptance of responsibility, resulting in a total offense level of seventeen (17), with a criminal history of IV. The sixty (60) months would run consecutive to the stated guideline." This objection was withdrawn once the parties reached an agreement on a Rule 11(c)(1)(C) stipulated sentence and signed the Addendum. *Sentencing Tr.* (Apr. 2, 2009), p. 3.

[4] In fact, had trial counsel advised against accepting the Rule 11(c)(1)(C) stipulated sentence of eleven (11) years and the Court determined that the Petitioner was a career offender under the Guidelines, undoubtedly the Petitioner would have filed a similar § 2255 petition claiming ineffective assistance of counsel.

14

pursuant to the stipulated sentence, well below the relevant statutory maximum sentence.[5] *Reply in Opposition,* p. 4. As such, the Petitioner's ineffective assistance of counsel claim also fails because the Petitioner cannot establish prejudice.

**V.**

**Evidentiary Hearing**

As to the Petitioner's request for an evidentiary hearing, the record conclusively shows the lack of a genuine issue of material fact and that the Petitioner is entitled to no relief. *See* 28 U.S.C. § 2255(b). Conclusory allegations contained within affidavits do not require a hearing, and there are no "disputed facts involving inconsistencies beyond the record." *United States v. Robinson,* 238 Fed. Appx. 954, 955 (4th Cir. 2007). As such, it is clear from the record that Petitioner is entitled to no relief, and no evidentiary hearing is required.

**VI.**

**Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong and by demonstrating that any dispositive procedural ruling by the district court is debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473,

---

[5] The Guidelines are advisory; while the sentencing court must "consider Guidelines ranges," it is permitted "to tailor the sentence in light of other statutory concerns as well." *United States v. Booker,* 543 U.S. 220, 245 (2005). The Petitioner was sentenced to eleven (11) years, which was a Rule 11(c)(1)(C) stipulated sentenced accepted by the Court as a fair and reasonable sentence under the circumstances and well below the statutory maximum sentence. As such, the Petitioner cannot satisfy *Strickland's* prejudice prong.

484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the Court finds that the Petitioner has failed to make "a substantial showing of the denial of a constitutional right."

**VII.**

**Conclusion**

Having thoroughly reviewed the entire record and the applicable law, the Court finds that the Petitioner has not shown that (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The Petitioner's claims for relief are without merit, and no evidentiary hearing is needed. Moreover, the Petitioner has failed to establish a genuine issue of material fact, and the government is entitled to judgment as a matter of law.

Based on the foregoing, it is **ORDERED** that the Petitioner's Motion to Vacate [Docket #54] is **DENIED**, and the government's Motion for Summary Judgment [Docket #69] is **GRANTED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                s/ R. Bryan Harwell
                R. Bryan Harwell
                United States District Judge

Florence, South Carolina
December 10, 2010